McFadden Law Firm, P.C.
1555 Zion Road, Suite 203
Northfield, New Jersey 08225
(609) 380-2540
Louis P. McFadden, Jr. (0798)
Attorney for Plaintiff

---

| | | |
|---|---|---|
| Joseph Tordella, D.O., | : | UNITED STATES DISTRICT COURT |
| | : | FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff | : | AT CAMDEN |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF CAPE MAY, | : | |
| BOARD OF CHOSEN FREEHOLDERS, | : | Civil Action No. _____ |
| | : | |
| | : | |
| Defendant | : | COMPLAINT AND JURY DEMAND |
| | : | |

---

Plaintiff JOSEPH R. TORDELLA, D.O. ("Plaintiff" or "Dr. Tordella") files this Complaint against Defendant County of Cape May Board of Freeholders, and alleges the following causes of action:

## I.   JURISDICTION AND VENUE

This action is instituted under the Age Discrimination in Employment Act of 1967, as amended by the Older Workers Benefits Protection Act,("ADEA" or the "Act"), 29 U.S.C. § 621 et seq., and the New Jersey Law Against Discrimination, as amended (NJLAD). Jurisdiction over the federal question (Count One) is invoked pursuant to 28 U.S.C. Section 1331, and over the pendant state claim (Count Two) pursuant to 28 U.S.C. Section 1367.

Venue is proper under 28 U.S.C. Section 1391(b) in the Camden vicinage as all defendants and all events alleged herein are situated in the County of Cape May, State of New Jersey.

## II.   NATURE OF PROCEEDING

This is a proceeding to recover: (a) loss of income, including back pay and forward pay; (b) other compensatory and liquidated damages; (c) injunctive and affirmative relief including reinstatement of Plaintiff; (d) punitive damages; and (e) counsel fees and costs, and such additional relief, statutory and equitable as will fairly compensate the Plaintiff, based upon the Defendant's violations of the ADEA and NJLAD.

## III. PARTIES

The Plaintiff, Joseph Tortella, D.O., is an 80 year- old individual citizen who resides in the City of Ocean City, County of Cape May, State of New Jersey, 08226, and was continuously employed as the Medical Director for the Defendant, Cape May County, for eighteen years before being abruptly and involuntarily terminated based upon his age on April 10, 2017.

The Defendant, Cape May County Board of Chosen Freeholders, (the "Board") is the governing authority for the State political subdivision of Cape May County, and who had the power and authority to operate the Crest Haven Nursing and Rehab Center ("CHNRC") as a County facility located at 12 Moore Rd. Cape May Court House, New Jersey, 08210.

## IV. COUNT ONE
### (ADEA)

1.   Plaintiff filed a timely charge of age discrimination with the United States Equal Opportunity Commission within 300 days of the alleged last act of unlawful age discrimination (See copy of "Charge" attached as Exhibit A) and received a Dismissal and Notice of Rights letter from said agency with a "date mailed" of July 22, 2018 (See "Notice" attached as Exhibit B).  This Complaint and Jury Demand is filed within 90 days of receipt of said Notice.  Plaintiff has complied with all administrative and procedural prerequisites to the filing of this Complaint.

2.   Plaintiff was at all times referred to herein (and remains) a duly licensed physician in the State of New Jersey and entitled to practice medicine in this and other states without restriction.  In addition, Dr. Tordella is a designated FAA Senior medical examiner which allowed him to perform flight physical exams for the County Mosquito Commission, and is nationally certified to complete commercial driver's license medical exams.

3.   On or about 1999 the Board hired the Plaintiff by board resolution to be the County Medical Director (the "CMD").  At times the Plaintiff was also referred to as the "County Physician", and the "Medical Director- Health Dept."  The

titles were used interchangeably but referred generally to the Plaintiff's County title of "Medical Director".  There were no other county medical directors during the Plaintiff's employment with the Board.

4.   As CMD, Plaintiff's duties were expansive and included, among other things, acting as Medical Director for CHNRC, reviewing and signing all medically related documents for all County departments, and employees, including the county jail, sheriff's dept., county health dept., and prosecutor's office, and interaction with County municipalities relating to medical and occupational health issues.  As CMD, Dr. Tordella was on call 7 days a week, 24 hours a day.

5.   During the Plaintiff's employment as CMD, he performed his work satisfactorily and met all reasonable expectations of his employer.  For the ten (10) years immediately preceding his termination as CMD, the Plaintiff had not received any discipline, counselling, reprimands, or any other derogatory or critical performance evaluations.

6.   On April 10, 2017, without any prior notice or warning, Mr. Jeffery Lindsay, Esq., the County Director of Human Resources, personally advised Dr. Tordella that he was being terminated effective April 14, 2017.  At that time, Mr. Lindsay did not provide Dr. Tordella with any legitimate justification for the abrupt termination.  The Board voluntarily offered to pay Dr.

Tordella fifteen thousand ($15,000.00) dollars as a severance payment; provided that, he forever waive and release any claim of age discrimination against the Defendant.  At the time of his termination, Dr. Tordella's annual salary as CMD was about seventy-five thousand ($75,000.00) dollars.

7.   At the time Mr. Lindsay terminated Dr. Tordella, Mr. Lindsay was acting in his official capacity at the direction of, and on behalf of, the Defendant, Board

8.   At the time of Plaintiff's termination, the Defendant had a well-established policy of progressive discipline.  The fundamental basis for such progressive discipline policy was to provide employees with  notice of their performance deficiencies, and a fair chance to correct or improve their performance or conduct.  In addition, the progressive discipline policy provided for a gradually more severe discipline prior to termination, except in the most egregious circumstances.

9.   The Defendant's personnel policies also denounced age discrimination and advocated the protection of all employees' civil rights.

10.  The manner and process that Defendant followed in terminating the Plaintiff's employment failed to comply with their own established personnel polices and procedures by, among other things; failing to provide any prior notice to

Plaintiff that the Board desired to change his job description and duties; failing to provide regular performance evaluations to Plaintiff, or any other objective means to justify his replacement with a younger medical director; and failing to provide any opportunity for Plaintiff to apply for the position that was given to his successor.

11.   Immediately after terminating Dr. Tordella, the Defendant hired a substantially younger, and less experienced and less qualified, physician to replace him in the same job title and position.

12.   Approximately six months after his termination, Mr. Lindsay, in his official capacity as Director of Human Resources for the Defendant, informed Plaintiff for the first time about the Defendant's alleged reasons for his termination.  The reasons expressed by Mr. Lindsay included statements such as: (a) the County "…was…in the process of transitioning it's administration…and with that the County saw it as an appropriate time to move in a different direction with the Medical Director", and (b) "…the County's desire to have a Medical Director that is fully engaged in helping Crest Haven become a premier nursing home in the region…", and (c) the County wanted a "Medical Director who would respond promptly and provide advice to…" the nursing home administrative staff, and (d) the County wanted a "Medical

Director who is present in the building on a regular basis", and (e) a "Medical Director who is willing to call attending physicians and nurses to resolve compliance issues".   The Defendant  used such subjective, false and unsubstantiated justifications as a pretext for unlawful age discrimination against Dr. Tordella.

13.  The Defendant's sudden termination of Dr. Tordella's 18-year unblemished employment record as CMD violated the ADEA and NJLAD because the termination was based upon the Plaintiff's age.

14.  The Defendant's discharge of Dr. Tordella constituted a willful and intentional act of age discrimination.

15.  As a direct and proximate cause of the Defendant's unlawful age discrimination, the Plaintiff has suffered loss of income, loss of future income, humiliation and embarrassment, and emotional distress and upset, all of which he will continue to suffer into the future.

WHEREFORE, the Plaintiff, Joseph R. Tordella, D.O., demands judgment against the Defendant, Cape May County Board of Chosen Freeholders, for:

(a) compensatory damages,

(b) punitive damages,

(c) costs and counsel fees incurred in this action,

(d) mandatory injunction directing the Board to reinstatement

Plaintiff as County Medical Director, with back pay, restoration of pension benefits, and interest, and (e)further directing the Defendants to cease and desist any further unlawful discrimination against the Plaintiff, and (f) such additional relief as this Court deems proper, and as authorized under either the ADEA or NJLAD.

## V.  COUNT TWO
### (NJLAD)

1.   Plaintiff incorporates the allegations set forth in COUNT ONE, paragraphs 1 through 15, inclusive, as if fully repleaded in this COUNT TWO.

2.   The aforesaid actions and omissions by Defendant violated NJLAD by discriminating against the Plaintiff and terminating his employment based upon his age.

3.   Members of the Board, in their official capacities had actual knowledge and participation or willful indifference to the unlawful discrimination and termination of the Plaintiff's employment based upon his age.

4.   The Defendant's unlawful discriminatory actions were willful and especially egregious, warranting the imposition of punitive damages.

5.   As a direct and proximate cause of the Defendant's unlawful age discrimination, the Plaintiff has suffered loss of income, loss of future income, humiliation and embarrassment,

and emotional distress and upset, all of which he will continue to suffer into the future.

WHEREFORE, the Plaintiff, Joseph R. Tordella, D.O., demands judgment against the Defendant, Cape May County Board of Chosen Freeholders, for:

(a) compensatory damages,

(b) punitive damages,

(c) costs and counsel fees incurred in this action,

(d) mandatory injunction directing the Board to reinstatement Plaintiff as County Medical Director, with back pay, restoration of pension benefits, and interest,

(e) further directing the Defendants to cease and desist of any further unlawful discrimination against the Plaintiff, and (f) such additional relief as this Court deems proper.

MCFADDEN LAW FIRM, P.C.

s/ Louis P. McFadden, Jr.(0798)
Attorney for Plaintiff

Dated: October 18, 2018